UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ANTON LEE, | Case No. 1:18-cv-00250-JDP |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | (Doc. No. 9) |
| ANDRE MATEVOUSIAN, | THIRTY-DAY DEADLINE |
| Respondent. | |

Petitioner Mario Anton Lee is a federal prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He casts his claim as one of actual innocence, but the court is not convinced that it fits that description. Before proceeding further with this case, the court will require petitioner to show that the court has jurisdiction.

**I.    BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, serving a 200-month sentence imposed by the U.S. District Court for the Northern District of Alabama after a jury convicted him for one count of attempted distribution of cocaine. (Doc. No. 1, at 1, 11.) After unsuccessfully appealing his conviction and sentence to the U.S. Court of Appeals for the Eleventh Circuit, petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The district court denied the motion. In January 2014, petitioner filed a petition for a writ of *coram nobis*, which the district court also denied. The

1

appellate court affirmed the denial. (Doc. No. 1, at 11-12.)

On February 20, 2018, petitioner filed the instant petition for a writ of habeas corpus under § 2241, asserting that he is innocent of the crimes charged in the indictment. (*Id.* at 2-3.) At the time of filing, he was incarcerated at the U.S. Penitentiary in Atwater, California. Petitioner seeks $375,000,000 in compensatory damages and $375,000,000 in punitive damages. (*Id.* at 8.)

## II. DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence may do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *See Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." *Alaimalo*, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255). This escape hatch is a narrow one, and the petitioner bears the burden of showing that his claim fits through it. *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). The court will not find a remedy under § 2255 to be inadequate or ineffective merely because a prior § 2255 motion was denied or "because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." *Id.*

A petitioner may proceed under § 2241, relying on the savings clause, if the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d at 898 (citing *Ivy*, 328 F.3d at 1060). With respect to the first requirement, a claim of actual innocence for purposes of the § 2255 savings clause is tested in this circuit against the standard articulated by the Supreme Court in *Bousley v. United*

*States*, 523 U.S. 614 (1998). *See Stephens*, 464 F.3d at 898. In *Bousley*, the Supreme Court explained, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). A claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

As for the second requirement, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255[; h]e must never have had the opportunity to raise it by motion." *Ivy*, 328 F.3d at 1060. In determining whether a petitioner has had an unobstructed procedural shot to pursue his claim, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (quoting *Ivy*, 328 F.3d at 1060-61).

Petitioner was convicted of attempted possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). A conviction under this statute requires proof beyond a reasonable doubt that the defendant intended to possess a controlled substance with the intent to distribute it to another person and that the defendant did something that was a substantial step toward committing the crime of possession with intent to distribute. *See United States v. Hunt*, 656 F.3d 906, 912 (9th Cir. 2011). Petitioner does not argue that these elements were unsatisfied. Rather than identifying reliable evidence of his actual innocence, petitioner alleges that he never set foot in the Northern District of Alabama and—as follows—never possessed drugs in the district. (*See* Doc. No. 1, at 7.) This amounts to a claim that venue was improper, not a claim of actual innocence. Petitioner cannot prove his innocence by showing that venue did not lie in the Northern District of Alabama; venue is neither an element of the charged

offense nor a jurisdictional requirement.[1] *See United States v. Powell*, 498 F.2d 890, 892 (9th Cir. 1974). Separately, petitioner presents no evidence that he was unable to raise his purported actual innocence claim previously. Therefore, it appears that this petition may not qualify for the § 2255(e) escape hatch and that we may lack jurisdiction under § 2241 to consider it. Since the court cannot proceed without jurisdiction, the court will order the plaintiff to show cause why dismissal for lack of jurisdiction is not appropriate. The court will consider further issues in this case, including petitioner's request for copies (Doc. No. 12), if and only if petitioner demonstrates that this court has jurisdiction.

### III. ORDER

Accordingly, the court orders petitioner to show cause why the petition should not be dismissed for lack of jurisdiction under 28 U.S.C. § 2241 within **THIRTY (30) days** of the date of service of this order. Failure by petitioner to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: June 5, 2018

/s/ *Jeremy D. Peterson*
UNITED STATES MAGISTRATE JUDGE

---

[1] The case cited by petitioner, *United States v. Gomez-Tostado*, 597 F.2d 170, 173 (9th Cir. 1979), does not lend support to his position. In that case, the Court of Appeals rejected an appellant's argument that he should not have been convicted of a heroin-trafficking offense because he intended to distribute heroin in Mexico rather than the United States.